OFFIT KURMAN, P.A.
Jason A. Nagi
590 Madison Avenue
New York, NY 10022
(t) (212) 545-1900
jason.nagi@offitkurman.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD.,<br><br>Plaintiff,<br><br>-against-<br><br>PRECISION PRO CONTRACTING SERVICES, LLC, a New York limited liability company; MELVIN TURNER, JOHN DOE NO. I THROUGH JOHN DOE NO. XXX, inclusive, the last thirty names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,<br><br>Defendants. | (Commercial Mortgage Foreclosure Action)<br><br>Parcel: Block 3813, Lot 10<br><br>Property known as:<br>617 Sackman Street, Brooklyn, NY |

## **VERIFIED COMPLAINT**

Plaintiff GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD., a Cayman Islands corporation ("**Plaintiff**"), by and through its attorneys, for its Complaint against Defendants PRECISION PRO CONTRACTING SERVICES, LLC, MELVIN TURNER, and John Doe No. I through John Doe No. XXX, states as follows:

### ***The Parties***

1. Plaintiff is a corporation organized under the laws of the Cayman Islands and is a

citizen of the State of Florida, with its principal place of business located at 1688 Meridian Avenue, 6th Floor, Miami Beach, FL 33139.

2. Defendant PRECISION PRO CONTRACTING SERVICES, LLC, ("**Borrower**") is a New York limited liability company and citizen of the State of New York with its principal place of business at 474 Decatur Street, Brooklyn, NY 11233.

3. Defendant Melvin Turner ("**Guarantor**") is an individual and resident of New York, residing at 474 Decatur Street, Brooklyn, NY 11233 and is the sole member of Borrower.

4. Defendants John Does I through XXX are currently unknown to Plaintiff, but, on information and belief, are tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the Complaint.

### *Jurisdiction and Venue*

5. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction because the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.00.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2).

### *The Loan Transaction*

7. Plaintiff is the owner and holder of that certain Mortgage Note, dated as of February 5, 2020, in the original principal amount of $275,000.00 (the "**Note**"), executed by Borrower, and in favor of NY Principal Funding Corp. ("**Original Lender**") in connection with a certain loan transaction (the "**Loan**").  (A true and correct copy of the Note, with the Allonge is attached hereto as **Exhibit A**.)

8. The indebtedness owed under the Note is secured by Borrower's non-residential real property, and improvements thereon, witha street address of 617 Sackman Street, Brooklyn,

NY, and all or substantially all of Borrower's personal property, as set forth in the Mortgages (defined below) (collectively, the "**Property**").

9. The indebtedness owed under the Note is secured by that certain Mortgage, dated as of February 5, 2020, the grantor under which is Borrower (as amended from time to time, the "**Mortgage**"), encumbering the Property. (A true and correct copy of the Mortgage is attached hereto as **Exhibit B**.)

10. The Mortgage was duly recorded with the New York City Department of Finance, Office of the City Register as CRFN# 2020000075823, and the New York State recording tax was duly paid thereon. (*Id*.)

11. The indebtedness owed under the Note is further secured by that certain Assignment of Rents, Leases and Other Contract Rights, dated as of February 5, 2020 (the "**ALR**") and recorded with the New York City Department of Finance, Office of the City Register as CRFN# 2020000075824. (A true and correct copy of the Mortgage is attached hereto as **Exhibit C**.)

12. Guarantor signed and delivered to Lender that certain Guaranty (the "**Guaranty**"), dated as of February 5, 2020, pursuant to which Melvin Turner, Jr. (the "**Guarantor**") guaranteed the prompt payment and performance of certain obligations of Borrower owed to Lender. (A true and correct copy of the Guaranty is attached hereto as **Exhibit D**.)

13. The Note, Mortgage, ALR, Guaranty, and all other documents further evidencing, securing or executed in connection with the Loan are referred to herein collectively as the "**Loan Documents**."

14. Prior to the commencement of this action, Original Lender, (i) assigned, the Loan

to Lending Assets Holding Corporation, which then (ii) assigned the Loan to NY Tower Capital LLC, which then (iii) assigned the Loan to Webster Business Credit Corporation, which then (iv) assigned and delivered the original Loan Documents to Plaintiff.

15. The original Loan Documents were delivered to Plaintiff, which possesses same, thus, Plaintiff is the current holder and owner of the Loan Documents.

16. Prior to the commencement of this action, Plaintiff has been in exclusive possession of the original Notes and has not transferred the same to any other person or entity.

### *Default Under the Loan Documents*

17. The Loan Documents provide, among other things:

   a. Borrower shall make monthly payments of principal and interest and other amounts;

   b. the Borrower was to make the payment of monthly interest due on January 1, 2021, and pay the balance of the interest and all principal in full in its entirety on or before February 5, 2021, when the Loan matured;

   c. in the event of a default by the Borrower, the entire unpaid principal, accrued interest, and all other amounts payable under the Loan Documents may be accelerated at Plaintiff's option;

   d. in the event of a default by the Borrower, Borrower's license to collect the rents generated by the Property may be revoked;

   e. in any action to foreclose, Plaintiff shall be entitled to the appointment of a receiver without notice or regard to value;

   f. Plaintiff shall be entitled to legal expenses, costs and fees; and

   g. in the event of a default by the Borrower, interest at the default rate set

forth in the Loan Documents shall be owed by the Borrower.

18. Borrower failed to make the monthly payment of interest due on January 1, 2020, and to pay off the loan in full, in its entirety, on February 5, 2021, as required under the Loan Documents and is therefore in default.

19. By letter dated March 12, 2021, (the "**Default Letter**"), counsel for Lender notified Borrower of its default under the Loan Documents. A true and correct copy of the Default Letter is attached hereto as **Exhibit E**.

20. Borrower failed to make payment of water and sewer charges and taxes, as required under the Loan Documents.

21. Borrower has failed to cure the defaults and remains in default under the Loan Documents.

### *Amounts Due Under the Loan Documents*

22. As of April 15, 2021, the following amounts are due and owing to Plaintiff under the Loan Documents:

(a) Unpaid principal balance of $275,000.00;

(b) Interest accrued at the default rate from January 1, 2021 through April 15, 2021, in the amount of $19,066.67.

(c) Interest at the per diem default rate of $183.33 thereafter;

(d) Exit fees in the amount of $13,750.00

(e) Other fees in the amount of $6,000.00;

(f) Any and all fees and costs incurred by Plaintiff, both to date and hereafter, in connection with the collection of the amounts due and owing under the Loan Documents forthe protection, preservation and realization of the Property,

including processing fees, late charges, inspection fees, environmental fees, appraisal fees, expenses, administrative fees, attorneys' fees, and costs incurred in connection with the issuance of the third-party reports in connection with the Property;

(g) Less any funds paid by Borrower but not yet applied to the debt by Plaintiff; and

(h) Any other amounts due and owing under the Loan Documents.

### *Right to Possession and Rents*

23. Under Section 3 of the ALR, upon a default under the Mortgage, Plaintiff is entitled to collect and receive the rents and the value of the use and occupation of the Property.

24. Plaintiff is entitled to an order directing all rents, issues and profits from the Property be remitted to Plaintiff in accordance with the terms of the Mortgage and other Loan Documents and directing that any such amounts be used to reduce the indebtedness described above.

### *Right to Foreclosure*

25. Under the Mortgages, upon an event of default, Plaintiff has the right to institute a proceeding for foreclosure. Thus, Plaintiff is entitled to an Order from the Court that the Mortgages be foreclosed, that the liens provided therein be declared as first and prior liens on the Property, and that Plaintiff be granted the right of immediate possession of the Property.

26. No other action has been brought to recover any part of the debt under the Mortgages, Notes, or other Loan Documents.

27. Plaintiff may not be deemed to have waived, altered, released, or changed its election to foreclose by reason of any payment made after the date of commencement of thisaction

of any and all of the defaults identified herein.

28. Plaintiff specifically reserves the right to pursue a temporary injunction, appointment of receiver, or other relief with respect to its rights under the Loan Documents. Pursuant to N.Y. Real Prop. Acts. Law §1371, Plaintiff will move the Court to enter final judgment against Borrower for any residue of the debt under the Note remaining unsatisfied after the foreclosure sale of the Property is completed.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff for foreclosure of the Property as follows:

A. Finding that Plaintiff has a first and best lien on the Property;

B. Ordering that Plaintiff has the legal right and is authorized to foreclose on the Property:

(i) in one parcel according to law together with the fixtures and articles of personalty upon the Property;

(ii) subject to zoning restrictions and ordinances adopted by any municipality or other governmental authority, and violations thereof;

(iii) subject to any state of facts that an accurate survey would show;

(iv) subject to covenants and restrictions of record, if any; and,

(v) subject to violations, if any, noted by any federal, state, city, town or village agency having authority over the Property;

C. Finding that such foreclosure will vest in the purchaser thereat free and clear title to the Property, free of any and all interests that are or might be asserted by the Defendants to this Complaint;

D. Ordering that Plaintiff has the right to credit bid at such foreclosure sale any and

all amounts due to Plaintiff under the Notes;

  E. Ordering and directing that the U.S Marshals or the Sheriff of Kings County, New York, or any referee appointed in this action, foreclose the Property and deliver title via a Sheriff's Deed or Referee's Deed, and bill of sale, as appropriate, to the successful bidder at such foreclosure;

  F. Ordering and directing that the proceeds of the sale be applied as follows:

   (i) to payment of the expenses of the sale;

   (ii) to the payment of the debt owed to Plaintiff under the Note;

   (iii) to the payment of foreclosure costs and other accrued costs in connection with the foreclosure;

   (iv) to the payment, at Plaintiff's option, of any real property taxes that may be due and unpaid in connection with the Property;

   (v) to the payment, at Plaintiff's option, of all other assessments against or attributable to the Property; and

   (vi) the surplus, if any, to the payment of debts secured by junior liens on the Property and then, to Borrower, in accordance with further order of the Court;

  G. Ordering that Borrower has no right of redemption or reinstatement with respect to the Property;

  H. Finding that Plaintiff has preserved its right to pursue any deficiency that may exist under the Notes and other Loan Documents after application of the proceeds of the foreclosure sale pursuant to N.Y. Real Prop. Acts. Law §1371 and may move the Court to enter final judgment against Borrower and Guarantor for such deficiency; and,

  I. Ordering all further relief is just, proper, and equitable.

Dated: New York, New York
       June 10, 2021

OFFIT KURMAN, P.A.

By: /s/ Jason A. Nagi
Jason A. Nagi
590 Madison Avenue
New York, NY 10022
(t) (212) 545-1900
jason.nagi@offitkurman.com

*Counsel for Plaintiff*

## **VERIFICATION**

PURSUANT TO 28 U.S.C. § 1746 and under penalties of perjury, YONEL DEVICO, being duly sworn, says that he is an authorized signatory of GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD., that he has read the foregoing verified complaint and said verified complaint is true to his own knowledge except as to matters therein stated to be alleged on information and belief and that as to those matters he believes them to be true.

Dated: May 4, 2021

*Yonel Devico*
YONEL DEVICO

4837-2491-5174, v. 1