UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------X

GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD.,            21-CV-03287(WFK)(VMS)

                      **Plaintiff,**

                                                                                                                              ANSWER

        -against-

PRECISION PRO CONTRACTING SERVICES, LLC, a
New York limited liability company; MELVIN TURNER,
JOHN DOE NO. 1 THROUGH JOHN DOE NO. XXX,
inclusive, the last thirty names being fictitious and
unknown to plaintiff, the person or parties intended being
the tenants, occupants, persons or corporations, if any,
having or claiming an interest in or lien upon the premises
described in the complaint,

                                              **Defendants.**

------------------------------------------------------------------------------X

       Defendant Precision Pro Contracting Services, LLC and Defendant Melvin Turner a/k/a Melvin Turner, Jr., by their attorneys, Richland & Falkowski, PLLC, as and for their answer to Plaintiff's Verified Complaint, respectfully allege as follows:

      1.     Deny the allegations contained in paragraph 1 and 5 through 28.

      2.     Admit the allegations contained in paragraph 2 and 3.

      3.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4.

## FIRST AFFIRMATIVE DEFENSE

      4.     Failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

      5.     No debt is owed to Plaintiff on the loan underlying the mortgage as this loan was

paid off prior to commencement.

**THIRD AFFIRMATIVE DEFENSE**

6. Payment, release, accord and/or satisfaction.

**FOURTH AFFIRMATIVE DEFENSE**

7. This Court lacks subject matter jurisdiction over this action as the parties are not diverse and the Complaint does not contain an action involving a federal question.

8. Plaintiff alleges to be a Cayman Islands corporation which, as a matter of alienage diversity jurisdiction, is a foreign citizen and a citizen of the state of its principal place of business.

9. Plaintiff's principal, Yonel Devico ("Devico"), and his employee/agent, Eitan Korb ("Korb"), are employed by Crosby Capital USA, LLC ("Crosby Capital"), which is based in New York and maintains an unstaffed office in Florida for the purposes of fabricating diversity jurisdiction.

10. Upon information and belief, Plaintiff's principal, Devico, upon information and belief, actually resides in New York, but rents a property in Florida in order to manufacture diversity jurisdiction in Federal foreclosure actions in New York.

11. Hence, this Court lacks subject matter jurisdiction.

**FIFTH AFFIRMATIVE DEFENSE**

12. Plaintiff's claims are barred by laches and estoppel.

## SIXTH AFFIRMATIVE DEFENSE

13. Unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims are barred by fraud and Plaintiff's principal's ongoing fraudulent conduct in other proceedings and actions.

## FIRST COUNTERCLAIM

15. The instant loan was paid off prior to commencement.

16. Within 30 days of that payoff, Plaintiff was obligated to record a Satisfaction of Mortgage pursuant to NY RPL § 275.

17. It has been more than sixty days since the payoff and Plaintiff has not recorded a Satisfaction of Mortgage pursuant to NY RPL § 275.

18. During the pendency of this action, it will exceed ninety days since the payoff without recordation of a Satisfaction of Mortgage pursuant to NY RPL § 275.

19. Defendant is entitled to statutory damages under NY RPL § 275 due to Plaintiff's failure to record a Satisfaction of Mortgage.

20. Defendant prays for statutory damages under NY RPL § 275 against Plaintiff.

21. Defendant prays the Court direct Plaintiff to prepare, sign, and record a Satisfaction of Mortgage for that certain Mortgage in the principal sum of $275,000.00 and recorded February 27, 2020 as CRFN: 202000000075823 in the Office of the City Register.

## SECOND COUNTERCLAIM

22. Upon information and belief, Plaintiff's principal is Yonel Devico ("Devico"), a sophisticated, commercial fraudster who routinely engages in fraudulent conduct vis-à-vis the New York State and Federal courts, including but not limited to the knowing commencement of foreclosure actions without correct and proper paperwork, commencing foreclosure actions upon paid off mortgages, commencing foreclosure actions upon charged-off mortgage, commencing foreclosure actions upon time barred mortgages, and commencing actions to assert satisfied claims against subsequent owners, title companies, and lenders.

23. Upon information and belief, Devico is personally engaged in fraudulent conduct vis-à-vis the aforesaid actions, including making false affidavits knowingly giving false testimony to defeat motion practice, and engaging in perjury.

24. Devico operates Plaintiff and other entities through Crosby Capital, another of his entities. Crosby Capital is based, in fact, in New York and maintains the same office address in Florida as Plaintiff and other Devico entities.

25. Upon information and belief, Devico is an alter ego of Crosby Capital USA, LLC, Plaintiff, and other entities. In the course of Devico's "business," he dominates and abuses the corporate form, including commingling funds and assets of his various entities.

26. Upon information and belief, Crosby Capital USA, LLC's Florida office is a sham, is not used by employees, and exists solely to provide Devico's entities a Florida address when, in fact, its principal place of business is in New York.

27. Devico's purpose in maintaining a Florida address is to avoid New York State courts and fabricate diversity jurisdiction in Federal Court when, in fact, none exists. This is part of a fraudulent scheme by Devico to extort money from homeowners through the Courts.

28. If a homeowner or interested party appears in one of Devico's entities'

foreclosure actions, Devico will either discontinue the action and recommence or attempt to obtain a loan modification. Unbeknownst to homeowners, who rely on his misrepresentations, Devico asserts that he has all the paperwork to foreclosure, whilst, invariably, lacking the underlying payment history and documentation on these assets. Hence, Devico uses the loan modification to "cure" his lack of paperwork.

29. Alternately, Devico will seek a default judgment upon his own knowingly false representations, without any underlying proofs.

30. To effectuate this scheme, Devico and/or his counsels have and will suborn perjury and make factual misrepresentations to the Court about their proofs, prior to their provision during discovery.

31. For example, in *Windward Bora, LLC v. Barrie*, commenced in this Court, Devico attempted to "pass off" a payment history prepared by his counsel as business records of Windward Bora, LLC. Upon information and belief, that loan was paid off by short payment nearly a decade prior to commencement. Further, Windward Bora, LLC's counsels repeatedly told the Court that they had all the paperwork needed to prove their case when, in fact, they did not.

32. In *Windward Bora, LLC v. Stuyvesant Construction Corp.*, commenced in this Court, Devico commenced a foreclosure action on a second mortgage that had been charged off a decade prior. Again, Windward Bora, LLC's counsels repeatedly told the Court that they had all the paperwork needed to prove their case when, in fact, they did not.

33. In both *Barrie* and *Stuyvesant Construction Corp.,* and other cases, Devico engages in protracted and extended delay in producing relevant discovery in the action, often for months on end. What is then produced is usually non-responsive and what Devico wants to produce, leading to preclusive orders.

34. In *Windward Bora, LLC v. Zavelina,* a tortious interference action commenced in Miami, Florida against the principal of Stuyvesant Construction Corp., Devico falsely swore as to when Windward Bora, LLC acquired the Note and Mortgage in *Stuyvesant Construction Corp.* and asserted in an affidavit, that Windward Bora, LLC acquired the Note and Mortgage two years prior to its formation, contrary to previously given sworn Interrogatory Responses in *Stuyvesant Construction Corp.* In *Zavelina*, Devico knowingly gave perjurious testimony.

35. In *Windward Bora, LLC v. 21st Mortgage Corp.,* commenced in Queens, New York, Devico swore in an affidavit that Windward Bora LLC owned the Note and Mortgage more than four years prior to its formation, an impossibility. That affidavit also post-dated his sworn Interrogatory Responses in *Stuyvesant Construction Corp.* and that affidavit was submitted by his counsel in *Stuyvesant Construction Corp.,* months after giving the sworn Interrogatory Responses.

36. In both *Zavelina* and *21st Mortgage Corp.*, Devico gave knowingly false testimony by affidavit in attempting to defeat a motion to dismiss (*Zavelina*) and in support of summary judgment (*21st Mortgage Corp.*)

37. In *Milky Way II, LLC v. Kamar*, commenced in Brooklyn, New York, Devico attempted to foreclose a paid-off loan after the filing of a Satisfaction of Mortgage by the assignee of record. Devico persisted on this claim even after receiving irrefutable evidence that the loan had been settled prior to his acquisition of the Note and Mortgage therein.

38. Upon information and belief, Devico engaged in a fraudulent scheme with respect to 415 Bradford Street, commencing with how he acquired that property through Prince Homes LLC to "selling" the property to a confederate and finally insurance fraud after the partial destruction of 415 Bradford Street due to fire, whilst unoccupied.

39. In this case, Plaintiff provided Defendant a payoff prior to commencement of this

action stating that the entire debt would be paid if the sums set forth therein were paid.

40. Defendant, relying upon the payoff, then paid those sums in full.

41. Plaintiff acknowledged receipt of the payoff.

42. Defendant, relying upon this receipt, paid the payoff amount.

43. Defendant would not have paid the payoff amount but for its representation, by Plaintiff, that it would pay the loan in full and that, as a result of the payoff, a Satisfaction of Mortgage would be forthcoming and filed by Plaintiff.

44. Instead, Plaintiff knowingly commenced the instant action to foreclose on the paid off debt, fraudulently and frivolously, after acknowledging receipt of the payoff.

45. As a result of the commencement of the instant action, Defendant is and will be compelled to defend this suit and pay legal fees, which it would not have to do if Plaintiff did not commence a knowingly frivolous action on a paid off debt.

46. The commencement of a knowingly frivolous action upon a paid off debt warrants punitive damages, especially in light of Devico's broader fraudulent schemes.

47. Accordingly, Defendant prays for a monetary Judgment against Plaintiff, Crosby Capital USA, LLC, other entities of Devico, and Yonel Devico upon a claim of fraud in the sum of $10 million in favor of Defendant, plus punitive damages, interest, costs, fees, and disbursements from the commencement of this action to the date of Judgment as well as reasonable legal fees.

**WHEREFORE,** Defendant prays the Court dismiss the instant action in its entirety, upon the First Counterclaim, direct Plaintiff to prepare, sign, and record a Satisfaction of Mortgage for that certain Mortgage in the principal sum of $275,000.00 and recorded February 27, 2020 as CRFN: 202000000075823 in the Office of the City Register, upon the Second Counterclaim, granting Defendant a monetary Judgment against Plaintiff, Crosby Capital USA,

LLC, other entities of Devico, and Yonel Devico upon a claim of fraud in the sum of $10 million in favor of Defendant, plus interest, costs, fees, and disbursements from the commencement of this action to the date of Judgment as well as reasonable legal fees, and further awarding such other and further relief as the Court may deem just and proper.

DATED:   July 7, 2021
         Washingtonville, NY

_____
By: Daniel H. Richland, Esq.
Richland & Falkowski, PLLC
5 Fairlawn Drive, Suite 204
Washingtonville, New York 10992
Phone: 212-390-8872
Fax: 212-390-8873 (not for service of process)
*Attorneys for Defendant Turner and Defendant Precision Pro Contracting Services, LLC*