# RICHLAND & FALKOWSKI, PLLC
ATTORNEYS AT LAW

QUEENS COUNTY OFFICE:
35-37 36TH STREET, 2ND FLOOR
ASTORIA, NY 11106

ORANGE COUNTY OFFICE:
5 FAIRLAWN DRIVE, SUITE 204
WASHINGTONVILLE, NY 10992

PHONE: (212) 390-8872
FAX:     (212) 390-8873
EMAIL:  drichland@rflegal.net

July 12, 2021

<u>Via Electronic Filing</u>
Hon. William F. Kuntz, II
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  RE: *Green Mountain Holdings (Cayman) Ltd. v. Precision Pro Contracting Services, LLC*
    Docket No.: 21-cv-03287(WFK)(VMS)
    **Request for Pre-Motion Conference – Rule 56 – Partial Summary Judgment**

Dear Judge Kuntz:

  I represent the Defendant Precision Pro Contracting Services, LLC and Defendant Melvin Turner ("Defendants") with respect to the above referenced action. I write this letter to request a pre-motion conference for permission to move for partial summary judgment on Plaintiff's claim of mortgage foreclosure, and specifically upon my second and third affirmative defenses, as well as my first counterclaim under FRCP Rule 56. During the pendency of the motion, I would like to proceed with discovery upon my fourth and seventh affirmative defenses, as well as my second counterclaim.

  The reason for this motion is simple: Plaintiff is seeking to foreclose a loan that was paid off prior to commencement. My client, Defendant Precision Pro Contracting Services, LLC is the fee owner of 617 Sackman Ave, Brooklyn, New York ("Premises"). **Exhibit A**. Plaintiff was the assignee of a certain Mortgage dated February 5, 2020 in the amount of $275,000.00. **ECF Dkt. No. 1-2; ECF Dkt. No. 1-1.**

  On April 26, 2021, Defendants were provided a payoff letter by Gabriel Gerbi, Esq., attorneys for Tower Capital, the assignor to Plaintiff. **Exhibit B.** The email from Mr. Gerbi, Esq. emails Defendant Turner, Yonel Devico ("Devico"), the principal of Plaintiff, Eitan Korb ("Korb"), Devico's employee, and Ed Gitlin of Tower Fund Capital ("Gitlin"). Mr. Gerbi annexed the "correct payoff" and advised Defendants that "This loan was sold to another lender," i.e. Plaintiff. *Id.* The payoff on that loan directed payment to Clearklake Ventures LLC. On April 27, 2021, Gitlin emailed Defendant Turner a "Revised payoff attached with correct banking details. Please confirm receipt." **Exhibit C.** This payoff is similar to the prior payoff but directs payment to a different account for Clearlake Ventures LLC. *Id.* Gitlin then provided revised payoffs to Defendant. **Exhibit D; Exhibit E.** On April 27, 2021, Korb provided Defendant the

final payoff.  **Exhibit F**.  On April 28, 2021, Defendants paid the loan in full as directed by the payoff letters.  **Exhibit G[1]; Exhibit H.**  It cannot be disputed that Defendants timely wired $308,939.72 as directed by the April 27, 2021 payoff letter and thus paid off this loan in full.

The Verified Complaint in this action was filed June 10, 2021, more than 30 days after the payment and confirmation of its receipt by Plaintiff.  **ECF Dkt. No. 1.**  In the Complaint, Plaintiff asserts that "Borrower has failed to cure the defaults and remains in default under the Loan Documents." *Id.* at ¶ 21.  This is patently untrue.  Plaintiff then asserts that "As of April 15, 2021, the following amounts are due and owing" seeking approximately the same sums sought on the Payoff Letter. *Id.* at ¶ 22.  On the date this action was commenced, no monies were due as a matter of law.

Assuming the accuracy of the Payoff Letter, then my client paid in full everything that was due and there is no longer any debt to foreclose. *Brown v. Brown*, 192 A.D.2d 689, 690 (2nd Dept. 1993) ("the original mortgage debt was satisfied six months before the purported assignment to him.  Thus, there was no mortgage to assign to the plaintiff….he does not have a viable foreclosure action").  If the Payoff Letter was somehow inaccurate, due to Plaintiff's own conduct, then it constitutes an accord and satisfaction under substantive New York law discharging the claim and, again, there would no longer be any debt to foreclose. *See, e.g. Merrill Lynch Realty/Carll Burr, Inc. v. Skinner*, 63 N.Y.2d 590, 596 (N.Y. 1984).  The former is the second affirmative defense and the latter is the third affirmative defense.  Either way, this foreclosure action is wrongful.

I note that Plaintiff, in commencing this action, provided no paperwork acknowledging the payoff or dating after April 28, 2021.  For example, Plaintiff's default letter is dated March 12, 2021, prior to the payoff.  **ECF Dkt. No. 1-5.**  This further supports the conclusion that the instant action is and was wrongfully commenced.

Once the Court grants summary judgment to Defendant on the second and third affirmative defenses, Defendant's first counterclaim would also be ripe for summary judgment.  As the loan has been paid off or satisfied, Plaintiff is obligated by New York law to timely provide a Satisfaction of Mortgage (first counterclaim).  There is no possible defense to this claim.  As Plaintiff has not done so, it thus must be compelled to provide and record a Satisfaction of Mortgage as well as pay statutory damages to Defendant in a sum ranging between $500.00 to $1,500.00 depending upon how much longer Plaintiff delays provision of the Satisfaction of Mortgage.

---

[1] I personally obtained these documents, with the consent of my client, directly from a local Chase branch.  They include my client's redacted bank statement showing the wire on April 28, 2021, a transaction detail for the wire, and a transaction history showing the wire.

I thank the Court for its kind consideration and attention to this matter.

Very truly yours,

Daniel H. Richland, Esq.