

**Stephen M. Forte, Esq.**
**Tel: (929) 476-0042**
Stephen.Forte@OffitKurman.com

July 29, 2021

**Via ECF**

Hon. William F. Kuntz, II
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:** ***Green Mountain Holdings (Cayman) Ltd. v. Precision Pro Contracting Services,***
> ***LLC, and Melvin Turner, et. al.* (Case No.: 21-cv-03287(WFK)(VMS))**

Hon. William F. Kuntz:

This firm is counsel for plaintiff, Green Mountain Holdings (Cayman) Ltd., in the above referenced matter ("**Plaintiff**"). We write pursuant to Section III(B) of Your Honor's Part Rules for a pre-motion conference for leave to file a motion (i) to strike the fourth and seventh affirmative defenses asserted in the Answer with Affirmative Defenses and Counterclaims filed by Precision Pro Contracting Services, LLC and Melvin Tuner (collectively, "**Defendants**"), on July 8, 2021 [Dkt. 6] and (ii) to dismiss the second counterclaim.

> **i.     The Fourth and Seventh Affirmative Defenses Should be Stricken.**

Rule 12(f) permits the Court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. *GEOMC Co. v. Calmare Therapeutics Inc.,* 918 F.3d 92, 95 (2d Cir. 2019). "A plaintiff must show that: (1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; and (3) the plaintiff must be prejudiced by the inclusion of the defense." *Badar v. Swissport USA, Inc.,* 492 F. Supp. 3d 54, 59 (E.D.N.Y. 2020) (internal citations omitted.) The foregoing standard applies to both the fourth affirmative defense (lack of subject matter jurisdiction) and seventh affirmative defense (fraud), and, therefore, both affirmative defenses should be stricken.

> **a.     Diversity jurisdiction cannot genuinely be disputed.**

The fourth affirmative defense states that the Court does not have subject matter jurisdiction because there is no diversity. In support thereof, Defendants rely on allegations that Yonel Devico a principal of Plaintiff, and Eitan Korb Plaintiff's employee, are also employees of another entity, Crosby Capital USA, LLC ("**Crosby Capital**"). Defendants assert that Crosby Capital is purportedly a New York based limited liability company and Mr. Devico purportedly


resides in New York, therefore, the Plaintiff—*a Cayman Island corporation*—is somehow also a resident of New York for diversity jurisdiction. This is simply inaccurate.

***First***, Crosby Capital is not the Plaintiff. Rather Plaintiff is Green Mountain Holdings (Cayman) Ltd., a Cayman Island corporation with its principal place of business in Florida. This cannot be disputed, nor is it disputed by Defendants in the Answer. The foregoing is all that is relevant for the purposes of diversity. *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC,* 692 F.3d 42, 48 (2d Cir. 2012) ("For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business."). ***Second***, even if Crosby Capital was a party to this action, which it is not, it is irrelevant whether Crosby Capital is a New York limited liability company for the purposes of diversity. Rather, what would control would be the citizenship of each of its members due to the fact that it is a limited liability company. *Carter v. HealthPort Techs., LLC,* 822 F.3d 47, 60 (2d Cir. 2016) ("In general, the citizenship of a limited liability company is determined by the citizenship of each of its members."). Despite Defendants' baseless claim to the contrary, the sole member, Mr. Devico, is not a citizen of the State of New York. ***Third***, although Plaintiff maintains that Mr. Devico is a resident of Florida, not New York, it is irrelevant here for the purposes of diversity because the plaintiff is a foreign corporation.[1] In light of the foregoing, this defense will not succeed and it should be stricken.

### b. Fraud is insufficiently pled as an affirmative defense.

The seventh affirmative defense alleges merely that "Plaintiff's claims are barred by fraud and Plaintiff's principal's ongoing fraudulent conduct in other proceedings and action" with nothing more. Unlike other affirmative defenses, fraud must be pled with particularity as required by Rule 9(b) even when alleged as an affirmative defense. *Erickson Beamon Ltd. v. CMG Worldwide, Inc.,* No. 12 CIV. 5105 NRB, 2014 WL 3950897, at *5 (S.D.N.Y. Aug. 13, 2014). Allegations of fraud must "(1) specify the statements that the [party] contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Shields v. Citytrust Bancorp. Inc.*, 25 F.3d 1124, 1127-28 (2d. Cir. 1994). The one line comprising the seventh affirmative defense does not come remotely close to meeting the heightened pleading standard and the defense should, therefore, be stricken.

---

[1] To the extent that Defendants may maintain this is somehow relevant, the courts have already found diversity exists in other actions where the plaintiff was a limited liability company of which Mr. Devico is a member and where similar claims have been found unavailing (*see*, e.g., *Windward Bora LLC v. Sotomayor*, pending in the United States District Court, Southern District of New York, Case No. 7:19-cv-04503-CS, Dkt. No. 157, a copy of which is annexed hereto as Exhibit 1.)



**ii.      The Second Counterclaim Should be Dismissed.**

The second counterclaim, like the seventh affirmative defense also alleges fraud. Although the second counterclaim contains more detail, the majority of the allegations are not with respect to any parties to this action. Rather, it contains a list of actions purportedly committed by non-party Mr. Devico in other lawsuits on behalf of entities other than Plaintiff involving defendants other than Defendants herein. Paragraphs 22-38 of the second counterclaim simply have no relation to this action and are interposed merely to inappropriately depict Mr. Devico in a false negative light.

The remaining several allegations in the second counterclaim rely on the incorrect assertion that Plaintiff received a payoff for the subject loan and commenced this action instead of issuing a Satisfaction of Mortgage. These allegations lack to the requisite specificity under Rule 9(b) as they do not specify what statements were fraudulent, who made the statements, where and when they were made, nor explain why those statements were fraudulent. *Shields*, 25 F.3d at 1127-28. The only reason it can be deciphered at all what Defendants are referring to is by virtue of the exhibits annexed to Defendants' July 12, 2021 pre-motion letter [Dkt. 7], not the pleading itself. On the face of the actual pleading, there is nothing more than conclusory allegations of fraud that will not survive and the counterclaim should, therefore, be dismissed. *Durosene v. Bank of America, N.A.*, 2020 WL 3403083, at *10-11 (E.D.N.Y. June 19, 2020) ("allegations of fraud must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. Conclusory allegations of fraud will not survive Rule 9(b)'s heightened pleading standard, and therefore, will be subject to dismissal at the motion to dismiss stage"); citing, *Nasso v. Bio Reference Labs, Inc.*, 892 F. Supp. 2d 439, 446 (E.D.N.Y. 2012).

Not only are the fourth and seventh affirmative defenses and the second counterclaim without merit and inadequately pled, but it is clear that they were interposed primarily, if not solely, for the purposes of harassment of non-party Mr. Devico and are as inappropriate as they are irrelevant. Plaintiff reserves the right to take all remedies available at law due to this improper conduct by Defendants and their counsel, including, but not limited to, seeking sanctions under FED. R. CIV. P. Rule 11.

Accordingly, Plaintiff should be permitted to file a motion to strike affirmative defenses and dismiss the counterclaim in the event Defendants refuse to withdraw same.

Sincerely,

Stephen Forte

cc:      All Parties of Record via ECF