UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X  21-cv-03287(WFK)(VMS)
GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD.,

                      **Plaintiffs,**

      **-against-**
                                        **THIRD PARTY**
                                        **PLAINTIFF'S**
PRECISION PRO CONTRACTING SERVICES, LLC, a New    **DOCUMENT DEMANDS**
York limited liability company; MELVIN TURNER, JOHN
DOE NO. 1 THROUGH JOHN DOE NO. XXX, inclusive, the
last thirty names being fictitious and unknown to plaintiff, the
persons or parties intended being the tenants, occupants, persons
or corporations, if any, having or claiming an interest in or lien
upon the premises described in the complaint,

                      **Defendants.**
-------------------------------------------------------------------------X

PRECISION PRO CONTRACTING SERVICES, LLC and
MELVIN TURNER a/k/a MELVIN TURNER, JR.,

                      **Third Party Plaintiffs,**

      **-against-**

TRUIST BANK, FIRST CLASS DISTRIBUTION INC.,
BRENDA CARMELA, WASIK VENTURES, ROB
TRUCKING LLC, DOUGLAS WASIK, ANNA "DOE",
BRENDA "DOE", ZAWDI "DOE", and JOHN DOE NO. 1
THROUGH JOHN DOE NO. 99, inclusive, said names being
unknown co-conspirators,

                    **Third Party Defendants.**
-------------------------------------------------------------------------X

      **PLEASE TAKE NOTICE**, that you are requested to produce, pursuant to the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the Individual Motion Practices and Rules of **Magistrate Judge Vera M. Scanlon**, the documents and records set forth below for inspection and photocopying by the attorneys for Defendants Precision Pro Contracting Services, LLC and

Melvin Turner (hereinafter "Defendants") to Richland & Falkowski, PLLC, located at 28-07 Jackson Ave, 5th Floor, Long Island City, NY 11101, within thirty (30) days of service of this notice upon you.

These requests for production of documents shall be deemed continuing, and supplemental answers shall be required if you, directly or indirectly, obtain further information of the nature sought herein between the time answers are served and the time of trial.

## DEFINITIONS

1. As used in these requests for production, the term "you" or any synonym thereof is intended to and shall embrace and include, in addition to the Truist Bank, the counsel for Truist Bank, and all agents, servants, employees, representatives, private investigators and others who are in possession of or may have obtained information on behalf of Truist Bank herein.

2. As used herein, the word "Defendant" refers to Defendant Melvin Turner and/or Defendant Precision Pro Contracting Services LLC, as applicable.

3. As used herein, the singular shall include the plural and the past and present and shall include any natural person or organization.

4. As used herein, the word "and" includes the word "or" and vice versa.

5. As used herein, the word "any" includes "all" and vice versa.

6. "Document" as used herein shall be understood to encompass any written, printed, typed, recorded, filmed or other graphic matter of any kind or nature however written or produced by hand or reproduced by any process, including any record of communication or mental impressions in any form, whether or not claimed to be privileged against discovery by any ground, and whether an original, master or copy, including: agreements, correspondence,

telexes, faxes, cablegrams, radiograms and telegrams; tape recordings and/or transcripts of the same, notes and memoranda (including internal memoranda), summaries and recordings; records, ledgers, contracts, bills, invoices, bills of lading, inventories, financial data, wills, other writings, formal or informal in nature, accounting and financial records, diaries, statements, work papers and account work papers, paper and magnetic tapes, charts, printouts, electronically or magnetically stored information or data, minutes, publications, calendars, telephone pads, bulletins, directives, logs and listings, real estate valuations or appraisals, and any other information containing paper, writing or physical things, in possession, in your custody and/or control, your agents or attorney's, and all drafts, notes or preparatory material concerned with said documents where such copy contains any commentary, notation or other change whatsoever that does not appear in the original or another copy of the document. The term "document" shall also include any summary of a document or documents contained in any computer program, directory, file, database, or software application.

7. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

8. When referring to a person, to "identify" means to give, to the extent known, the person's full name, and present or last known address. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

9. When referring to documents, to "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

10. When referring to transaction, to "identify" means to give, to the extent known,

information sufficient to distinguish the transaction, including but not limited to (i) the property unit in question; (ii) the owner; (iii) the buyer and/or seller of the property unit; (iv) the date of the transaction; (v) the amount of the transaction; (vi) the type of the transaction; (vii) and additional information about the transaction available to you.

11. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

12. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

13. A document, communication or correspondence "relating to" a given subject matter means that it concerns, constitutes, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes or analyzes that subject, including documents, communications or correspondence concerning the contents of other documents, communications or correspondence.

14. "Describe," when used in reference to a communication or event, means, to the extent known, to (i) state the date of the communication or event; (ii) identify all persons who were present or participated in the communication or event; (iii) state in detail the substance of each communication or event; (iv) identify all documents relating to that communication or event, including but not limited to all letters, notes of the communication or event, or other correspondence; (v) identify all other persons who have knowledge of the communication or event and state in detail each person's knowledge.

15. The terms "all" and "each" shall be construed as all and each.

16. The term "Premises" shall refer to the real property known as and located at 617 Sackman Street, Brooklyn, New York.

17. The term "Mortgage" shall refer to that certain Mortgage dated February 5, 2020 made by Precision Pro Contracting Services LLC to NY Principal Funding Corp. in the principal sum of $275,000.00 and attached as Exhibit B to the Complaint.

18. The term "Note" shall refer to that certain Note dated February 5, 2020 made by Precision Pro Contracting Services LLC to NY Principal Funding Corp. in the principal sum of $275,000.00.

**INSTRUCTIONS**

1. Unless a specific time period is expressly set forth in any of the following Document Demands, the time period encompassed in the Interrogatories shall be from April 19, 2021 to May 7, 2022.

2. In responding to each document request, you are to review and search all relevant files of appropriate entities and persons.

3. In responding to each document request, you are to make certain that this document demand is provided to appropriate and responsible persons at Truist Bank's address so that appropriate persons review the document demand and produce the requested documents.

4. Where a request contains separately numbered or lettered paragraphs, each such paragraph should be treated separately and a separate response should be furnished.

5. At the time and place of production, you shall serve your responses to this request, setting forth the manner of response to each of the numbered requests contained herein. You are requested to segregate the documents produced to indicate the particular request in response to which they are being produced.

6. If any document herein requested was formerly in the possession, custody or control of the Truist Bank and has been lost or destroyed, Truist Bank is requested to submit in

lieu of each such document a written statement which:

    a. describes the nature of the document;

    b. identifies the person who prepared or authorized the document and, if applicable, the person to whom the document was sent;

    c. specifies the date on which the document was prepared or transmitted; and

    d. specifies, if possible, the date on which the document was lost or destroyed, and, if destroyed, the conditions of and the reasons for such destruction and the persons requesting and performing the destruction.

7. "And" and "or" shall be interpreted to mean and/or.

8. Plural words shall be interpreted to include the singular, and vice versa.

9. This request shall be deemed continuing so as to require further and supplemental production if Plaintiff obtains additional documents between the time of this initial production and the time of trial herein. This paragraph shall not be construed to alter any obligation to comply with all other instructions in this document demand.

10. Please note that in lieu of personal appearance, you may submit to the undersigned true and complete copies of the items demanded at any time on or before the abovementioned date.

11. In answering the requests Truist Bank shall furnish all documents in the possession of your employees, agents, representatives, investigators, lawyers, accountants, bankers, financial advisors or other parties acting on its behalf.

12. To the extent that a request is objected to, set forth all reasons therefore and produce the documents, or parts thereof, which Truist Bank are able to provide.

13. If privilege is asserted as a ground for not providing a document in whole or in

part, provide in the form of a "Privilege Log": (a) the author of the document; (b) all persons to whom the document was addressed; (c) all persons who were recipients of the document; (d) the date the document was created; (e) the current custodians of the original document and all copies of the document; (f) the title of the document; (g) the subject matter of the document; (h) a description summarizing the contents of the document; and (i) the factual basis for your claim of privilege in sufficient detail so as to permit the court to adjudicate the validity of the claim.

## REQUESTS FOR PRODUCTION OF DOCUMENTS & STATEMENTS

1. All documents related to Check No. 0093 payable to First Class Distribution Inc. for $70,000.00 and drawn on Account No.: 0001340009014658, including, specifically, what account at what bank the aforesaid check was deposited to.

2. All documents related to Check No. 0094 payable to Wasik Ventures for $86,000.00 and drawn on Account No.: 0001340009014658, including, specifically, what account at what bank the aforesaid check was deposited to.

3. All documents related to Check No. 0095 payable to First Class Distribution Inc. for $69,950.00 and drawn on Account No.: 0001340009014658, including, specifically, what account at what bank the aforesaid check was deposited to.

4. All documents related to Check No. 0098 payable to Rob Trucking LLC for $80,000.00 and drawn on Account No.: 0001340009014658, including, specifically, what account at what bank the aforesaid check was deposited to.

5. All documents related to Zelle payments to or from Account No.: 0001340009014658 from the opening of that account to the closing of that account.

6. Any and all documents for all accounts in the name of First Class Distribution

Inc. at Truist Bank.

7. Any and all documents for all accounts in the name of Wasik Ventures at Truist Bank.

8. Any and all documents for all accounts in the name of Rob Trucking LLC at Truist Bank.

9. Any and all documents for all accounts in the name of Brenda Carmela at Truist Bank.

10. Any and all documents for all accounts in the name of Douglas Wasik at Truist Bank.

11. All corporate documents for First Class Distribution Inc. in your possession.

12. All corporate documents for Wasik Ventures in your possession.

13. All corporate documents for Rob Trucking LLC in your possession.

14. The complete employee file for James M. Chick.

15. All policy manuals or memoranda regarding the handling of wire transfers by Truist Bank in effect on January 1, 2021 to present.

16. A copy of Brenda Carmela's "SSID" No. 2172235 issued by North Carolina and provided to James M. Chick on April 21, 2021.

17. A copy of Brenda Carmela's drivers license from New Jersey, ID No.: C55197123981910 provided to James M. Chick on April 21, 2021.

18. An organizational chart for Truist Bank Branch 6055625.

19. Any and all documents relating to alleged fraudulent wires sent to Truist Bank for the period April 1, 2021 through June 1, 2021.

**PLEASE TAKE FURTHER NOTICE** that this information is to be furnished within thirty (30) days of the service of this notice to Richland & Falkowski PLLC, attorneys for Defendants, located at 28-07 Jackson Ave, 5th Fl., Long Island City, NY 11101.

DATED: July 27, 2022
Washingtonville, New York

_____
Daniel H. Richland, Esq.
Richland & Falkowski, PLLC
5 Fairlawn Drive, Suite 204
Washingtonville, New York 10992
*Attorneys for Defendants*