TROUTMAN PEPPER HAMILTON SANDERS LLP
Stephen J. Steinlight
875 Third Avenue
New York, New York 10022
Telephone: (212) 704-6000
Facsimile: (212) 704-6288
*Attorneys for Third-Party Defendant Truist Bank*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD., <br><br> Plaintiff, <br><br> v. <br><br> PRECISION PRO CONTRACTING SERVICES, LLC, a New York limited liability company, et al., <br><br> Defendants. | |
| PRECISION PRO CONTRACTING SERVICES, LLC and MELVIN TURNER a/k/a MELVIN TURNER, JR. <br><br> Third-Party Plaintiffs, <br><br> Plaintiff, <br><br> v. <br><br> TRUIST BANK, et al., <br><br> Third-Party Defendants. | Case No. 1:21-cv-003287-WFK-VMS |

**THIRD-PARTY DEFENDANT TRUIST BANK'S OBJECTIONS AND RESPONSES TO THIRD-PARTY PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST <u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Third-Party Defendant Truist Bank

("Truist"), by and through its undersigned counsel, hereby objects and responds to the Document

Demands of Third-Party Plaintiffs Precision Pro Contracting Services, LLC and Melvin Turner a/k/a Melvin Turner, Jr., dated July 27, 2022 (the "Requests"), and states as follows:

**PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS**

Truist has objected to these Requests based on its best, good faith understanding and interpretation of each item therein. Accordingly, if Third-Party Plaintiffs subsequently assert a different interpretation than that presently understood by Truist, Truist reserves the right to supplement or amend these objections.

Truist further states that by asserting various objections, Truist does not waive any other objections that may become applicable. Truist also reserves the right to supplement the objections to these Requests pursuant to the Federal Rules of Civil Procedure.

Truist further states that its responses are made without waiving any objections to the relevance, privilege, or admissibility of any information or documents provided in response to Third-Party Plaintiffs' Requests in any subsequent proceeding or at the trial of this or any other action. A partial answer to any request that has been objected to in whole or in part is not a waiver of that objection. By asserting various objections, Truist does not waive any other objections that may become applicable. Truist also reserves the right to supplement the objections to the Requests pursuant to the Federal Rules of Civil Procedure.

Truist's responses to the Requests do not constitute admissions or acknowledgements that the documents sought are within the proper scope of discovery. Nor shall a statement that documents may be produced constitute an admission that such documents actually exist. Instead, it shall only mean that, if responsive documents exist, survive Truist's objections, and are in Truist's possession, custody, or control, they will be produced. Likewise, an objection to the Requests does not mean that documents otherwise responsive to a particular demand in fact exist.

Truist's objections and responses herein are given without prejudice to Truist's right to provide subsequent relevant information and/or documents, or to add, modify, supplement, or otherwise change or amend its objections to the Requests as new information is obtained, as legal determinations are made by the Court, or because the matter is pending further investigation and discovery. The information contained in Truist's objections and responses is also subject to correction for omissions or errors. To the extent attorney notes, work product, information/documents subject to the common-interest privilege, and/or attorney-client communications are or become responsive to any of the following requests, Truist expressly reserves it rights to assert such objections.

## **OBJECTIONS & RESPONSES TO THE REQUESTS**

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 1:**

All documents related to Check No. 0093 payable to First Class Distribution Inc. for $70,000.00 and drawn on Account No.: 0001340009014658, including, specifically, what account at what bank the aforesaid check was deposited to.

**TRUIST'S RESPONSE TO PLAINTIFF'S REQUEST:**

Truist objects to the Request as Truist's Motion to Dismiss and to Stay Discovery (the "Motion to Stay") remains pending before the Court, accordingly the Request is premature. [*See* Dkt. No. 42]. Truist further objects to the Request as unduly burdensome, overly broad, vague, ambiguous, and not proportional to the needs of this case because it seeks "all" "documents," which includes documents that are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Truist further objects to the Request to the extent it seeks documents that are equally available and accessible to Third-Party Plaintiffs from other parties or which were previously produced. Truist further objects to the Request on the basis that the Request seeks documents or information that contain confidential and sensitive consumer information of non-parties or trade secrets or other confidential, proprietary, and/or competitively sensitive business or commercial information of Truist or other parties. Truist also objects to the Request to the extent it seeks the production of any electronically stored information that would impose an undue burden and cost upon Truist. Subject to and without waiving the foregoing objections, Truist will produce responsive, relevant, and non-privileged documents in Truist's possession, custody, and control following a reasonable search, if the Motion to Stay is denied by the Court.

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 2:**

All documents related to Check No. 0094 payable to Wasik Ventures for $86,000.00 and drawn on Account No.: 0001340009014658, including, specifically, what account at what bank the aforesaid check was deposited to.

**TRUIST'S RESPONSE TO PLAINTIFF'S REQUEST:**

See Response to Request No. 1.

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 3:**

All documents related to Check No. 0095 payable to First Class Distribution Inc. or $69,950.00 and drawn on Account No.: 0001340009014658, including, specifically, what account at what bank the aforesaid check was deposited to.

**TRUIST'S RESPONSE TO PLAINTIFF'S REQUEST:**

See Response to Request No. 1.

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 4:**

All documents related to Check No. 0098 payable to Rob Trucking LLC for $80,000.00 and drawn on Account No.: 0001340009014658, including, specifically, what account at what bank the aforesaid check was deposited to.

**TRUIST'S RESPONSE TO PLAINTIFF'S REQUEST:**

See Response to Request No. 1.

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 5:**

All documents related to Zelle payments to or from Account No.: 0001340009014658 from the opening of that account to the closing of that account.

**TRUIST'S RESPONSE TO PLAINTIFF'S REQUEST:**

See Response to Request No. 1.

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 6:**

Any and all documents for all accounts in the name of First Class Distribution Inc. at Truist Bank.

**TRUIST'S RESPONSE TO PLAINTIFF'S REQUEST:**

Truist objects to the Request as Truist's Motion to Dismiss and to Stay Discovery (the "Motion to Stay") remains pending before the Court, accordingly the Request is premature. [*See* Dkt. No. 42]. Truist further objects to the Request as unduly burdensome, overly broad, vague, ambiguous, and not proportional to the needs of this case because it is unlimited in time and seeks "Any and all documents" from "all accounts" which includes documents that are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Truist further objects to the Request to the extent it seeks documents that are equally available and accessible to Third-Party Plaintiffs from other parties or which were previously produced. Truist further objects to the Request on the basis that the Request seeks documents or information that contain confidential and sensitive consumer information of non-parties or trade secrets or other confidential, proprietary, and/or competitively sensitive business or commercial information of Truist or other parties. Truist also objects to the Request to the extent it seeks the production of any electronically stored information that would impose an undue burden and cost upon Truist. Subject to and without waiving the foregoing objections, Truist will produce responsive, relevant, and non-privileged documents in Truist's possession, custody, and control following a reasonable search, if the Motion to Stay is denied by the Court.

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 7:**

Any and all documents for all accounts in the name of Wasik Ventures at Truist Bank.

**TRUIST'S RESPONSE TO PLAINTIFF'S REQUEST:**

See Response to Request No. 6.

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 8:**

Any and all documents for all accounts in the name of Rob Trucking LLC at Truist Bank.

**TRUIST'S RESPONSE TO PLAINTIFF'S REQUEST:**

See Response to Request No. 6.

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 9:**

Any and all documents for all accounts in the name of Brenda Carmela at Truist Bank.

**TRUIST'S RESPONSE TO PLAINTIFF'S REQUEST:**

See Response to Request No. 6.

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 10:**

Any and all documents for all accounts in the name of Douglas Wasik at Truist Bank.

**TRUIST'S RESPONSE TO PLAINTIFF'S REQUEST:**

See Response to Request No. 6.

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 11:**

All corporate documents for First Class Distribution Inc. in your possession.

**TRUIST'S RESPONSE TO PLAINTIFF'S REQUEST:**

Truist objects to the Request as Truist's Motion to Dismiss and to Stay Discovery (the "Motion to Stay") remains pending before the Court, accordingly the Request is premature. [*See* Dkt. No. 42]. Truist further objects to the Request as unduly burdensome, overly broad, vague, ambiguous, and not proportional to the needs of this case because it is unlimited in time and seeks "all" documents which includes documents that are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Truist further objects to the Request to the extent it seeks documents that are equally available and accessible to Third-Party Plaintiffs from other parties or which were previously produced. Truist further objects to the Request on the basis that the Request seeks documents or information that contain confidential and sensitive consumer information of non-parties or trade secrets or other confidential, proprietary, and/or competitively sensitive business or commercial information of Truist or other parties. Truist also objects to the Request to the extent it seeks the production of any electronically stored information that would impose an undue burden and cost upon Truist. Subject to and without waiving the foregoing objections, Truist will produce responsive, relevant, and non-privileged documents in Truist's possession, custody, and control following a reasonable search, if the Motion to Stay is denied by the Court.

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 12:**

All corporate documents for Wasik Ventures in your possession.

**TRUIST'S RESPONSE TO PLAINTIFF'S REQUEST:**

See Response to Request No. 11.

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 13:**

All corporate documents for Rob Trucking LLC in your possession.

**TRUIST'S RESPONSE TO PLAINTIFF'S REQUEST:**

See Response to Request No. 11.

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 14:**

The complete employee file for James M. Chick.

**TRUIST'S RESPONSE TO PLAINTIFF'S REQUEST:**

Truist objects to the Request as Truist's Motion to Dismiss and to Stay Discovery (the "Motion to Stay") remains pending before the Court, accordingly the Request is premature. [*See* Dkt. No. 42]. Truist further objects to the Request as unduly burdensome, overly broad, vague, ambiguous, and not proportional to the needs of this case because it is unlimited in time and seeks documents that are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Truist further objects to the Request on the basis that the Request seeks documents or information that contain confidential and sensitive consumer information of non-parties or trade secrets or other confidential, proprietary, and/or competitively sensitive business or commercial information of Truist or other parties. Truist also objects to the Request to the extent it seeks the production of any electronically stored information that would impose an undue burden and cost upon Truist.

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 15:**

All policy manuals or memoranda regarding the handling of wire transfers by Truist Bank in effect on January 1, 2021 to present.

**TRUIST'S RESPONSE TO PLAINTIFF'S REQUEST:**

Truist objects to the Request as Truist's Motion to Dismiss and to Stay Discovery (the "Motion to Stay") remains pending before the Court, accordingly the Request is premature. [*See* Dkt. No. 42]. Truist further objects to the Request as unduly burdensome, overly broad, vague, ambiguous, and not proportional to the needs of this case because it seeks documents that are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Truist further objects to the Request on the basis that the Request seeks documents or information that contain confidential and sensitive consumer information of non-parties or trade secrets or other confidential, proprietary, and/or competitively sensitive business or commercial information of Truist or other parties. Truist also objects to the Request to the extent it seeks the production of any electronically stored information that would impose an undue burden and cost upon Truist.

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 16:**

A copy of Brenda Carmela's "SSID" No. 2172235 issued by North Carolina and provided to James M. Chick on April 21, 2021.

**TRUIST'S RESPONSE TO PLAINTIFF'S REQUEST:**

Truist objects to the Request as Truist's Motion to Dismiss and to Stay Discovery (the "Motion to Stay") remains pending before the Court, accordingly the Request is premature. [*See*

Dkt. No. 42]. Truist further objects to the Request as unduly burdensome, overly broad, vague, ambiguous, and not proportional to the needs of this case because it includes documents that are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Truist further objects to the Request to the extent it seeks documents that are equally available and accessible to Third-Party Plaintiffs from other parties or which were previously produced. Truist further objects to the Request on the basis that the Request seeks documents or information that contain confidential and sensitive consumer information of non-parties or trade secrets or other confidential, proprietary, and/or competitively sensitive business or commercial information of Truist or other parties. Truist also objects to the Request to the extent it seeks the production of any electronically stored information that would impose an undue burden and cost upon Truist. Subject to and without waiving the foregoing objections, Truist will produce responsive, relevant, and non-privileged documents in Truist's possession, custody, and control following a reasonable search, if the Motion to Stay is denied by the Court.

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 17:**

A copy of Brenda Carmela's drivers license from New Jersey, ID No.: C55197123981910 provided to James M. Chick on April 21, 2021.

**TRUIST'S RESPONSE TO PLAINTIFF'S REQUEST:**

See Response to Request No. 16.

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 18:**

An organizational chart for Truist Bank Branch 6055625.

**TRUIST'S RESPONSE TO PLAINTIFF'S REQUEST:**

See Response to Request No. 14.

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 19:**

Any and all documents relating to alleged fraudulent wires sent to Truist Bank for the period April 1, 2021 through June 1, 2021.

**TRUIST'S RESPONSE TO PLAINTIFF'S REQUEST:**

See Response to Request No. 14.

Dated: August 31, 2022  **TROUTMAN PEPPER HAMILTON**
New York, New York  **SANDERS LLP**

By: *s/ Stephen J. Steinlight*
Stephen J. Steinlight
875 Third Avenue

New York, NY 10022
(212) 704-6000
stephen.steinlight@troutman.com

*Attorneys for Defendant Truist Bank, N.A.*

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing, Defendant Truist Bank, N.A.'s Objections and Responses to Third-Party Plaintiffs Precision Pro Contracting Services, LLC and Melvin Turner's Document Demands, has been served electronically via e-mail on August 31, 2022, to the following counsel of record:

Daniel H. Richland, Esq.
Richland & Falkowski, PLLC
5 Fairlawn Drive, Suite 204
Washingtonville, New York 10992
(O) 212-390-8872 x 402
(F) 212-390-8873
drichland@rflegal.net
*Attorneys for Defendants Precision Pro
Contracting Services, LLC and Turner*

Dated: August 31, 2022
      New York, New York

By: */s/ Stephen J. Steinlight*
    Stephen J. Steinlight
    875 Third Avenue
    New York, New York 10022
    Telephone: (212) 704-6000
    Email: stephen.steinlight@troutman.com
    *Attorneys for Defendant Truist Bank, N.A.*