Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, New York 10022

troutman.com



**Stephen J. Steinlight**
212.704.6008
stephen.steinlight@troutman.com

October 14, 2022

<u>VIA ECF</u>

Magistrate Judge Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Green Mountain Holdings (Cayman) Ltd. v. Precision Pro Contracting Services, LLC et al.,* **Case No.: 1:21-cv-03287-WFK-VMS**
*Letter Response to Third-Party Plaintiffs' Motion to Compel*

Your Honor:

We represent Third-Party Defendant Truist Bank ("Truist") in the above-referenced matter. On October 4, 2022, Third-Party Plaintiffs Melvin Turner and Precision Pro Contracting Services LLC (collectively "Third-Party Plaintiffs") filed a letter motion seeking to compel discovery from Truist (the "Motion to Compel"). [Dkt. 51]. For the reasons set forth herein, the Court should deny the Motion to Compel in its entirety.

**First**, the Motion to Compel should be denied because Third-Party Plaintiffs failed to identify to the Court any existing discovery deficiency of Truist. Indeed, Truist served its timely written discovery responses on Third-Party Plaintiffs on August 31, 2022. Thereafter, *and even though Truist's Motion to Dismiss for Failure to State a Claim and to Stay Discovery remained and <u>still</u> <u>remains</u> pending before the District Judge (the "Motion to Stay") [Dkt. 42]*, Truist, without waiving any arguments related to the pending Motion to Stay, agreed at the September 15, 2022 status conference to produce certain documents to Third-Party Plaintiff, such as account opening documents and account statements documents, so as to enable the Third-Party Plaintiffs to identify the alleged non-party fraudsters and to track the funds-at-issue. Then on September 23, 2022, Truist produced these very documents to Third-Party Plaintiffs bearing control numbers Truist 00001-00058. Truist made the foregoing production subject to its written objections set forth in its August 31, 2022 responses and further subject to the objections stated by Truist's counsel at the on-the-record August 15, 2022 status conference. In Third-Party Plaintiffs' Motion to Compel, however, *no deficiencies have been identified for the Court*. To be clear, Third-Party Plaintiffs *do not* identify a properly served interrogatory that was not responded to by Truist *nor* any responsive documents that were wrongfully withheld. Accordingly, since no deficiencies have been identified, the Motion to Compel should be denied.

**Second**, the Motion to Compel should be denied because Third-Party Plaintiffs specifically complain about purported deficiencies that are not tethered to discovery demands served on


Truist.  Specifically, Third-Party Plaintiffs emailed and asked of Truist as follows:

> Stephen,
>
> On page 36, it says, "FORCE PAY DEBIT MEMO rev SARASOTA SEVEN" for $120,391.95. **Can you please advise what that means?**
>
> On page 46 it says, "CASH DISB SARASOTA SEVEN B3 BUILDERS LLC CUSTOMER ID" $120,391.95. **Can you please advise what that means?**
>
> Does Truist have any information about where the First Class Distribution checks and Wasik Ventures check were deposited?

But, Third-Party Plaintiffs have not served Truist with any interrogatories in accordance with the operative case management order or consistent with the Federal Rules of Civil Procedure. Instead, Third-Party Plaintiffs merely grieve to the Court that Truist refused to provide narrative, deposition-like answers in response to Third-Party Plaintiffs' September 23, 2022 informal email (which is attached as an exhibit to the Motion to Compel) which asked Truist to explain to Third-Party Plaintiff's the content and meaning of the documents produced by Truist on September 23, 2022.  However, Truist is not obligated under the FRCP or any other duty to "advise" or even respond to such an informal and improper inquiry, nor to provide the type of narrative response Third-Party Plaintiffs request.  As such, the relief requested in the Motion to Compel is improper, and therefore, should be denied in its entirety.  Truist reserves all rights and objections.

Respectfully submitted,

*/s/ Stephen Steinlight*
Stephen Steinlight