UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
GREEN MOUNTAIN HOLDINGS         :
(CAYMAN) LTD.,                  :
                                :
                     Plaintiff,   :   **ORDER**
                                :
       -against-             :   21 Civ. 3287 (WFK) (VMS)
                                :
PRECISION PRO CONTRACTING SERVICES, :
LLC, MELVIN TURNER, and JOHN DOE NO. I :
THROUGH JOHN DOE NO. XXX,       :
                                :
                     Defendants,  :
------------------------------------------------------------ x
PRECISION PRO CONTRACTING SERVICES, :
LLC and MELVIN TURNER,          :
                                :
                 Third-Party    :
                 Plaintiffs,   :
                                :
       -against-             :
                                :
TRUIST BANK, FIRST CLASS DISTRIBUTION :
INC., BRENDA CARMELA, WASIK     :
VENTURES, ROB TRUCKING LLC, DOUGLAS :
WASIK, ANNA "DOE," BRENDA "DOE," :
ZAWDI "DOE," and JOHN DOE NO. 1 :
THROUGH JOHN DOE NO. 99,        :
                                :
                 Third-Party    :
               Defendants.   :
------------------------------------------------------------ x

**Vera M. Scanlon, United States Magistrate Judge:**

As a preliminary matter, both the motion at 51 filed by Defendants/Third-Party Plaintiffs Precision Pro Contracting Services, LLC and Melvin Turner (the "Moving Parties") and the opposition at 53 filed by Third-Party Defendant Truist Bank (the "Opposing Party" and, collectively with the Moving Parties, the "Parties") fail to comply with applicable procedural requirements.

1

The motion at 51 fails to comply with the applicable requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Fed. R. Civ. P. 37(a)(1) expressly requires that motions for an order compelling disclosure or discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1) (emphasis added). The motion does not contain such certification. See generally ECF No. 51. Further, Local Civil Rule 37.3(a) requires that, "[p]rior to seeking judicial resolution of a discovery or non-dispositive pretrial dispute, the attorneys for the affected parties or non-party witness shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute, in conformity with Fed. R. Civ. P. 37(a)(1)." Local Civ. Rule 37.3(a) (emphasis added). Exhibit C to the motion, filed at 51-3, evidences that the Parties conferred via email prior to the Opposing Party's production of documents on 9/23/2022 but fails to indicate that the Parties conferred in person or by telephone at any time, as required by Local Civil Rule 37.3(a), or at all subsequent to the 9/23/2022 production, other than a single email sent from the Moving Parties to the Opposing Party. See generally ECF No. 51-3. Local Civil Rule 37.1 instructs that, "[u]pon any motion or application involving discovery or disclosure requests or responses under Fed. R. Civ. P. 37, the moving party shall specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed" and states that "[t]he motion or application shall also set forth the grounds upon which the moving party is entitled to prevail as to each request or response." See Local Civ. Rule 37.1. The motion fails to evince even an attempt to comply with Local Civil Rule 37.1 and instead generally "ask[s] the Court to direct Truist to properly answer the Borrower Defendant's [sic] document demands

pursuant to FRCP 37 within a date certain so as to comply with the present discovery schedule." See generally ECF No. 51.  The Moving Parties are admonished to follow the procedural requirements applicable to any and all future filings.

The opposition at 53 fails to comply with the applicable requirements of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and the Individual Practice Rules of Magistrate Judge Vera M. Scanlon.  Local Civil Rule 37.3(c) requires that any opposition to a motion, the subject of which is a discovery dispute, a non-dispositive pretrial dispute, or certain disputes arising at a deposition, be filed within four days of receipt of such motion.  See Local Civ. Rule 37.3(c).  Rule III(b) of the Individual Practice Rules sets forth a response time of three business days from receipt of such a motion for the filing of an opposition.  See Rule III(b).  The Moving Parties filed the motion on 10/4/2022.  See generally ECF No. 51.  On 10/12/2022, after the timeframes for an opposition set forth in both Local Civil Rule 37.3(c) and Rule III(b) had expired, without the filing of any such opposition, the Court entered an Order permitting the filing of an opposition by 10/14/2022.  See 10/12/2022 Order.  The Opposing Party did so on 10/14/2022.  See generally ECF No. 53.  Nonetheless, the Opposing Party had already failed to comply with both Local Civil Rule 37.3(c) and Rule III(b).  The Opposing Party is similarly admonished to follow the procedural requirements applicable to any and all future filings.

Although the facial procedural deficiencies in both the motion and the opposition would justify the Court's decisions to decline to consider the motion or to deem the motion unopposed, respectively, for purposes of judicial efficiency, the Court exercises its discretion to consider the merits of both the motion and the opposition.

The Opposing Party's objections to the Moving Parties' document demands are as follows: (1) the Opposing Party is excused from producing documents due to its pending motion to stay discovery at 42; (2) the requests are unduly burdensome and costly, overbroad, vague, ambiguous, and not proportional to the needs of the case; (3) the requests seek the production of documents that are irrelevant and that are not reasonably calculated to lead to the discovery of admissible evidence; (4) the requests seek the production of documents that are equally accessible to the Moving Parties; (5) the requests seek the production of documents that were previously produced; and (6) the requests seek the production of documents that contain confidential, proprietary, and sensitive information and trade secrets.  See generally ECF No. 51-2.

The first objection is incompatible with the Court's prior rulings as to the import of the Opposing Party's pending motion for a stay.  The Court has repeatedly held that a pending motion for a stay does not constitute a stay.  See, e.g., 10/12/2022 Order (holding that "[t]he Truist objection to discovery is rejected as previously stated as neither the Magistrate Judge nor the District Judge has stayed discovery" and reasoning that "[a] motion for a stay does not stay discovery unless granted").  Accordingly, this objection is wholly without merit.

The latter five objections are facially noncompliant with Fed. R. Civ. P. 34(b)(2)(B) and 34(b)(2)(C).  Fed. R. Civ. P. 34(b)(2)(B) requires that, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B) (emphasis added); see also Fed. R. Civ. P. 34(b)(2)(B) advisory committee's note to 2015 amendment (noting that "Rule 34(b)(2)(B) is amended to require that objections to Rule 34 requests be stated with specificity" and that "the specificity of the objection ties to the new

4

provision in Rule 34(b)(2)(C) directing that an objection must state whether any responsive materials are being withheld on the basis of that objection"). Fed. R. Civ. P. 34(b)(2)(C) further requires that "[a]n objection . . . state whether any responsive materials are being withheld <u>on the basis of that objection</u>" and that "[a]n objection to part of a request . . . <u>specify the part and permit inspection of the rest</u>." Fed. R. Civ. P. 34(b)(2)(C) (emphasis added); <u>see also</u> Fed. R. Civ. P. 34(b)(2)(C) advisory committee's note to 2015 amendment (stating that "Rule 34(b)(2)(C) is amended to provide that an objection to a Rule 34 request must state whether anything is being withheld on the basis of the objection," which "should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections"). The latter five boilerplate objections fail to comport with the dictates Fed. R. Civ. P. 34(b)(2)(B) and 34(b)(2)(C).

On or before 12/14/2022, the Opposing Party will (1) serve amended objections and responses to the Moving Parties' document demands, which must comply with Fed. R. Civ. P. 34(b)(2)(B) and 34(b)(2)(C), as well as any and all other applicable laws, and (2) complete its document production to the Moving Parties. On or before 12/21/2022, the Parties will file a joint letter identifying any disputes pertaining to such discovery that require Court intervention or, alternatively, stating that no such disputes exist.

The discovery end date is extended from 11/18/2022 to 12/21/2022 for the sole purpose of completing the discovery addressed in this Order.

Dated: Brooklyn, New York
December 7, 2022

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

5