Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, New York 10022

troutman.com



**Stephen J. Steinlight**
212.704.6008
stephen.steinlight@troutman.com

December 21, 2022

**VIA ECF**

Magistrate Judge Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Green Mountain Holdings (Cayman) Ltd. v. Precision Pro Contracting Services, LLC et al.,* **Case No.: 1:21-cv-03287-WFK-VMS**

<u>*Letter Response to Third-Party Plaintiffs' December 20, 2022 Letter [Doc 56]*</u>

Your Honor:

We represent Third-Party Defendant Truist Bank ("Truist") in the above-referenced matter. We write to the Court in response to the December 20, 2022 letter [Doc 56] as filed by Defendants/Third-Party Plaintiffs Precision Pro Contracting Services, LLC and Melvin Turner (collectively "Precision") seeking an extension of discovery.

Precision's letter contains several mischaracterizations of the discovery timeline which Truist is compelled to address herein. *However, Truist has no objection to Precision's request of extending discovery to December 28, 2022 for the sole purpose of completing the discovery addressed in the Court's December 7, 2022 Order.*

By way of background, Truist served its timely written discovery responses to Precision on August 31, 2022 ("**Truist's August 31, 2022 Discovery Responses**") [**Doc 51-2**]. Thereafter, and even though Truist's Motion to Dismiss for Failure to State a Claim and to Stay Discovery remained and still remains pending before the District Judge (the "Motion to Stay") [Dkt. 42], Truist, without waiving any arguments related to the pending Motion to Stay, agreed at the September 15, 2022 status conference before Your Honor to produce responsive, relevant, and non-privileged documents in Truist's possession, custody, and control, such as account opening documents and account statements.

Next, on September 23, 2022, Truist produced those very documents to Precision bearing control numbers Truist 00001-00058 ("**Truist's September 23, 2022 Supplemental Discovery**


**Responses**"). Truist made the foregoing document production subject to Truist's August 31, 2022 Discovery Responses.

On October 4, 2022, Precision filed a motion to compel with the Court. [Doc 51]. In Precision's motion to compel, the only deficiency raised by Precision was Truist's refusal to respond to a September 23, 2022 email in which Precision requested certain factual information regarding the documents produced by Truist. No other alleged deficiencies were identified. Specifically, Precision's counsel stated to the Court in the motion to compel, "On September 23, 2022, I emailed Truist's counsel for more information…and have not received a response. Exhibit C. At this juncture, I ask the Court to direct Truist to properly answer." *Id*.

Truist did not initially respond to Precision's motion to compel as it failed to comply with numerous requirements in the Local Rules of the Eastern District of New York as well as the judicial practices of Magistrate Judge Scanlon. Among those concerning deficiencies, Precision failed to meet and confer with Truist and did not certify that a meet and confer occurred. Nevertheless, on October 12, 2022, the Court directed Truist to respond to the deficient motion to compel by October 14, 2022. Thereafter, Truist opposed the motion to compel on October 14, 2022 as directed by the Court. [Doc. 53].

On December 7, 2022, the Court issued an Order in which it identified what it deemed to be deficiencies with both the motion to compel and Truist's opposition. The Court also deemed Truist's written objections to be deficient and not in compliance with applicable rules of court. In particular, Your Honor directed that, "On or before 12/14/2022, [Truist] will (1) serve amended objections and responses to [Defendants'] document demands, which must comply with Fed. R. Civ. P. 34(b)(2)(B) and 34(b)(2)(C), as well as any and all other applicable laws, and (2) complete its document production to [Defendants]." *Id*.

On December 14, 2022, Truist served Precision with objections and responses to Precision's September 23, 2022 email ("**Truist's December 14, 2022 Responses to Precision's Interrogatories**") [**Doc 56-1**]. Further, and without objection from Precision, on December 20, 2022, Truist produced amendments of Truist's August 31, 2022 Discovery Responses ("**Truist's December 20, 2022 Amended Discovery Responses**") [**Doc 56-3**] as directed by Magistrate Judge Scanlon.

It is Truist's position that the following items completed Truist's discovery obligations in full compliance with the Court's December 7, 2022 Order:

(1) Truist's August 31, 2022 Discovery Responses;

(2) Truist's September 23, 2022 Supplemental Discovery Responses (*which included a document production*);

(3) Truist's December 14, 2022 Responses to Precision's Interrogatories; and



    (4) Truist's December 20, 2022 Amended Discovery Responses.

On December 20, 2022 at precisely 2:49 p.m., counsel for Precision emailed counsel for Truist to advise that Precision intended to seek an extension of paper discovery by one-week. Before Truist could even review the request, at 4:31 p.m. Precision filed its application to the Court for the one-week extension of discovery. [Doc 56].

Truist has no objection to Precision's request of extending discovery to December 28, 2022 for the sole purpose of completing the discovery addressed in the Court's December 7, 2022 Order, however, Truist notes for the Court that Precision publicly filed on ECF in its December 20, 2022 letter the driver's license information of Brenda Carmela. Pursuant to the 2004 Administrative Order issued by then Chief Judge Edward R. Korman, ECF-filing parties are required to "exercise caution when filing documents that contain the following: 1) Personal identifying numbers, such as driver's license number; 2) medical records, treatment and diagnosis; 3) employment history; 4) individual financial information; and 5) proprietary or trade secret information." *See Offor v Ctr.*, 15CV2219ADSSIL, 2016 WL 3566217, at *3 (E.D.N.Y. June 25, 2016), *affd sub nom. Offor v Mercy Med. Ctr.*, 698 Fed Appx 11 (2d Cir 2017).

We thank the Court for reviewing and considering the foregoing information. Truist awaits the directive of the Court concerning Precision's December 20, 2022 letter [Doc 56].

Respectfully submitted,

*/s/ Stephen Steinlight*
Stephen Steinlight